UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES FIELDS,                              Case No. 13-14165

        Plaintiff,                      Laurie J. Michelson
v.                                           United States District Judge

CHERYL FLANAGAN, *et al*,                    Michael Hluchaniuk
                                             United States Magistrate Judge
        Defendants.
_____/

**REPORT AND RECOMMENDATION**
***SUA SPONTE*** **DISMISSAL AND**
**MOTIONS FOR SUMMARY JUDGMENT (Dkt. 27, 30)**

**I.    PROCEDURAL HISTORY**

Plaintiff filed this prisoner civil rights case on September 30, 2013. (Dkt. 1). This matter was referred for all pretrial proceedings to then Magistrate Judge Laurie J. Michelson. (Dkt. 7). On March 20, 2014, this matter was reassigned to the undersigned and then referred for all pretrial proceedings on March 24, 2014. (Dkt. 19).[1] On May 13, 2014, defendants Abdoo, Nobles, Nowak, Trammell, and Ward filed a motion for summary judgment. (Dkt. 27). Plaintiff was ordered to respond to that motion by June 30, 2014. (Dkt. 29). Plaintiff filed a motion for extension of time to file a response, which was granted by the Court, giving

---

[1] This matter was reassigned from District Judge Lawrence Zatkoff to District Judge Laurie J. Michelson on February 12, 2015 and remains referred to the undersigned.

1

plaintiff until August 4, 2014 to file a response.  (Dkt. 32, Text Only Order dated 7/29/14).  Defendant Howard filed a motion for summary judgment on June 19, 2014.  (Dkt. 30).  Plaintiff was ordered to file a response by August 4, 2014.  (Dkt. 31).

Instead of filing responses as ordered, on August 4 and August 7, 2014, plaintiff filed a motion to compel along with another motion to extend time to file responses to the motions for summary judgment.  (Dkt. 33, 35).  On October 24, 2014, the Court granted in part and denied in part plaintiff's motion for discovery and extended plaintiff's response deadline for a second time until December 5, 2014.  (Dkt. 39).  Instead of filing responses as ordered, plaintiff filed a motion for Rule 37(b) discovery sanctions on December 10, 2014.  (Dkt. 42).  On January 21, 2015, the Court granted in part and denied in part plaintiff's motion for discovery sanctions and set a final briefing schedule for the motions for summary judgment.  (Dkt. 46).  The deadline for plaintiff's responses to the motions for summary judgment were extended until February 18, 2015.  (Dkt. 46).  This Order clearly indicated that this was a final deadline and no further extensions would be granted.  (Dkt. 46, Pg ID 584).  Notably, the initial orders directing plaintiff to respond and extending his deadlines plainly provided that "**[f]ailure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party**."  (Dkt. 28, Pg ID 128; Dkt. 31, Pg ID 156).

2

Plaintiff has now filed what the Court interprets as a motion for reconsideration of the January 21, 2015 Order and yet another motion for extension of time to file a response to the motions for summary judgment. (Dkt. 49, 50). These motions will be discussed below but will be denied via separate order.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** with prejudice and that the pending motions for summary judgment (Dkt. 27, 30) be **TERMINATED** as **MOOT**.

## II. ANALYSIS AND CONCLUSION

In the January 21, 2015 Order, the Court addressed the sufficiency of defendants' discovery responses. (Dkt. 46). In the January 21, 2015 Order (Dkt. 46), the Court ordered defendants to produce certain evidence pertaining to prisoner transfer orders during a particular time frame, although the Court did not order defendants to produce the original transfer orders, concluding, based on the affidavit prepared by Bryan Haynie, an employee of the Michigan Department of Corrections, that producing the original documents was unduly burdensome. (Dkt. 44-2). Plaintiff filed an objection to this Order, which remains pending with the District Court. (Dkt. 48). Plaintiff now also seeks a ruling on whether Mr. Haynie's affidavit was submitted in bad faith. (Dkt. 49). Plaintiff contends that Court's reliance on this affidavit is a "palpable defect" and the Court was misled

by the information in the affidavit. (Dkt. 49). Based on certain policies and procedures cited by plaintiff, he maintains that it would be no burden to defendants to produce the original transfer orders. Plaintiff claims that, contrary to the Haynie affidavit, the information he seeks is not contained in the documentation produced by defendants.

Local Rule 7.1(g)(3) governs motions for reconsideration and provides as follows:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

A palpable defect is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006). Plaintiff identifies no such palpable error in his motion. Indeed, he has not provided to the Court the discovery served by defendants; thus, even if this circumstance could present a basis for reconsideration, the Court cannot assess whether the information provided by defendants fails to comply with the January 21, 2015 Order. For these reasons, the motion for reconsideration will be denied

4

by separate order.

In addition, plaintiff's motion for yet another extension of time to respond to the long-pending motions for summary judgment is plainly a delay tactic and will be denied via separate order. As discussed below, under the circumstances, and given plaintiff's willful failure to file proper responses despite being given several extensions of time, the undersigned recommends dismissal of plaintiff's complaint, in its entirety, with prejudice.

Under Federal Rule of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed. Appx. 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-30. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior

...

of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

In addition to this rule-based authority, federal courts have the inherent power to impose sanctions to prevent the abuse of the judicial process. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991); *Link,* 370 U.S. 626 at 629-30 (federal trial courts have the inherent power to manage their own dockets). A court may exercise its inherent power to sanction when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," or when the conduct was "tantamount to bad faith." *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011), citing *Chambers*, 501 U.S. at 45-46; *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980); *see also*, *United States v. Moss-American*, *Inc.*, 78 F.R.D. 214, 216 (E.D. Wis. 1978) ("it is within the inherent equitable powers of this court to dismiss an action when a just determination of the action has been seriously thwarted by a plaintiff's willful misconduct").

In *U.S. v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002), the Sixth Circuit observed that the factors considered for dismissal under either Rule 37(b)(2) or Rule 41(b) are the same:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic

of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

In addition to this rule-based authority, federal courts have the inherent power to impose sanctions to prevent the abuse of the judicial process. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991); *Link,* 370 U.S. 626 at 629-30 (federal trial courts have the inherent power to manage their own dockets). A court may exercise its inherent power to sanction when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," or when the conduct was "tantamount to bad faith." *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011), citing *Chambers*, 501 U.S. at 45-46; *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980); *see also*, *United States v. Moss-American*, *Inc.*, 78 F.R.D. 214, 216 (E.D. Wis. 1978) ("it is within the inherent equitable powers of this court to dismiss an action when a just determination of the action has been seriously thwarted by a plaintiff's willful misconduct").

In *U.S. v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002), the Sixth Circuit observed that the factors considered for dismissal under either Rule 37(b)(2) or Rule 41(b) are the same:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic

> sanctions were imposed or considered before dismissal was ordered.

Thus, those same factors will be applied to plaintiff's failure to comply with the January 21, 2015 Order. "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Id*. In *Reyes*, the Court also held that a party seeking to avoid the sanction of dismissal "has the burden of showing that his failure to comply was due to inability, not willfulness or bad faith." *Id*., citing *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988). The pre-dismissal warning for failure to comply with the district court's orders is pivotal to the determination of willfulness. *See Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988). In any event, "[d]ismissal of an action ... is a sanction of last resort," *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988), and due process appears to require a finding of bad faith or willfulness. *See Chambers*, 501 U.S. at 50. Bad faith is more than "mere gamesmanship or garden variety discovery abuses." *Fharmacy Records v. Nassar*, 248 F.R.D. 507, 530 (E.D. Mich. 2008).

While this case does not present the most egregious pattern of abuses warranting dismissal, such as those found in *Fharmacy Records v. Nassar*, such is not the standard to be applied. Rather, an examination of the four *Reyes* factors reveals that dismissal is warranted in this case. In the view of the undersigned,

7

plaintiff's failure to comply with the January 21, 2015 Order could only be willful. As Judge Roberts pointed out in *Whited v. Motorists Mutual Ins. Co.*, 2010 WL 3862717 (E.D. Mich. 2010), quoting *Reg'l Refuse*, 842 F.2d at 154, "if a party has the ability to comply with a[n...] order and does not, dismissal is not an abuse of discretion." Unquestionably, plaintiff had the opportunity and ability to provide substantive responses to the motions for summary judgment. The prejudice to defendants is clear. Simply showing that a party "waste[d] time, money, and effort in pursuit of cooperation which [the opponent] was legally obligated to provide" can suffice to establish prejudice. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008), quoting *Harmon v. CSX Transp.*, 110 F.3d 364, 368 (6th Cir. 1997).

Next, plaintiff was warned in both initial orders requiring responses that the motions for summary judgment would be granted if he failed to file timely responses. (Dkt. 28, 31). In addition, the January 21, 2015 Order specifically informed plaintiff that no further extensions would be permitted. Thus, plaintiff was sufficiently warned.

The Court has not previously imposed lesser sanctions on plaintiff. However, given that these motions for summary judgment have been pending since May and June 2014, plaintiff was granted multiple extensions of time to file response, was permitted to conduct discovery, and he failed to file a response in

8

accordance with the terms of the January 21, 2015 Order, this factor weighs slightly in favor of dismissal. As explained in *Reyes*, "[a]lthough no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Id*. Here, as set forth above, plaintiff's conduct appears willful. Thus, all of the *Reyes* factors weigh in favor of dismissal. Under these circumstances, the undersigned concludes that dismissal is still appropriate, despite not having imposed lesser sanctions previously. *See Schafer*, 529 F.3d at 738 ("... and [we are] loath[ ] to require the district court to incant a litany of [ ] available lesser sanctions.").

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *see also Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013); *McMillian v. Captain D's*, 2007 WL 2436668, at *2 (D.S.C. 2007) (dismissing motion to dismiss and to compel arbitration because of plaintiff's failure to respond despite being advised of the applicable procedures and possible

9

consequences for failure to respond adequately). The undersigned concludes that, for the reasons discussed above, plaintiff has willfully failed and refused to comply with the Court's January 21, 2015 Order. Under these circumstances, in the view of the undersigned, dismissal with prejudice is appropriate.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** with prejudice and that the pending motions for summary judgment (Dkt. 27, 30) be **TERMINATED** as **MOOT**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"


etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 26, 2015                s/Michael Hluchaniuk
                                       Michael Hluchaniuk
                                       United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on February 26, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Kevin R. Himebaugh and that I have mailed by United States Postal Service to the following non-ECF participant: Charles Fields, #261409, Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784.

                                       s/Tammy Hallwood
                                       Case Manager
                                       (810) 341-7887
                                       tammy_hallwood@mied.uscourts.gov