UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES FIELDS,

    Plaintiff,

v.

CHERYL FLANAGAN, *et al.*,

    Defendant.

Case No. 13-cv-14165
Honorable Laurie J. Michelson
Magistrate Judge Michael Hluchaniuk

**OPINION AND ORDER OVERRULING OBJECTIONS [48, 56]
AFFIRMING ORDER ON MOTION FOR DISCOVERY SANCTIONS [46],
ADOPTING REPORT AND RECOMMENDATION [51],
AND DISMISSING THE COMPLAINT [1]**

Plaintiff Charles Fields, a Michigan prisoner, filed this lawsuit against several Michigan Department of Corrections ("MDOC") officers. (Dkt. 1.) He asserts that he was transferred to a prison facility in the Upper Peninsula of Michigan in retaliation for his filing of grievances against the named Defendants. (*Id.*) There are two motions for summary judgment pending. (Dkts. 27, 30.) Plaintiff requested, and was granted, numerous extensions of time to respond to the motions. (*See* Dkts. 32, 39, 46.) But instead of responding, Plaintiff filed several discovery-related motions. (Dkts. 33, 42, 49.) Now before the Court are Magistrate Judge Hluchaniuk's Order on Plaintiff's Rule 37(d) Motion for Discovery Sanctions (Dkt. 46) and Report and Recommendation for *Sua Sponte* Dismissal (Dkt. 51), and Fields' Objections to the Order (Dkt. 48) and Report (Dkt. 56). For the reasons that follow, the Court OVERRULES Fields' Objections, AFFIRMS the Order, ADOPTS the Report and Recommendation, and DISMISSES the case.

**I. BACKGROUND**

Plaintiff filed this case on September 30, 2013. (Dkt. 1.) He alleges that after he filed grievances against the named Defendants, they transferred him to a prison in the Upper Peninsula of Michigan. His claims arise under 42 U.S.C. § 1983 and the First Amendment. The matter was referred for all pretrial proceedings to Magistrate Judge Michael Hluchaniuk. (Dkt. 19.)

In May and June 2014, Defendants filed two motions for summary judgment. Defendants Abdoo, Nobles, Nowak, Trammell, and Ward filed theirs on May 13, 2014. (Dkt. 27.) The magistrate judge ordered Plaintiff to respond by June 30, 2014, and warned that "[f]ailure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party." (Dkt. 29.) Meanwhile, Defendant Howard filed a motion for summary judgment on June 19, 2014. (Dkt. 30.) The magistrate judge ordered Plaintiff to respond to that motion by August 4, 2014 and provided the same warning regarding failure to respond. (Dkt. 31.)

Plaintiff requested additional time to respond to the first summary-judgment motion, and he was granted an extension until August 4, 2014 by text order. Thus, both of his responses were due by August 4, 2014. On that date, instead of filing a response, Plaintiff filed a motion for discovery under Rule 56(d) (Dkt. 32). A few days later, on August 7, 2014, Plaintiff filed a motion for extension of time to file his summary-judgment responses. (Dkt. 35.) Plaintiff asserted that he needed certain documents relating to other prisoners' facility transfers in order to properly respond to the motions for summary judgment. More specifically, Plaintiff alleged "that he was laterally transferred from [Ryan Correctional facility (RRF)] to Newberry Correctional Facility (NCF) in the Upper Peninsula in retaliation for exercising the grievance process" and "that the discovery he seeks will show whether any other transfers to and from RRF during the

July 23, 2011 to September 23, 2011time period were for making room for incoming prisoners, and thus possibly dispute defendants' stated reason for his transfer." (Dkt. 46 at 3.)

On October 24, 2014, the magistrate judge entered an order granting in part and denying in part the discovery motion. (Dkt. 39.) He directed Defendants to "produce documents responsive to request numbers 2 and 3, seeking transfer screens and transfer orders to and from RRF between 7/23/11 and 9/23/11 [and] requests for bed space/transfers from CFA to RRF during the 7/23/11 to 9/23/11 time period (as requested in request number 5)." (*Id.* at 5.) He also set a new deadline of December 5, 2014 for Plaintiff's response to the motions for summary judgment. (Dkt. 39.) Defendants filed a notice of compliance with the discovery order on November 19, 2014. (Dkt. 41.)

On December 5, 2014, the day his summary judgment responses were due, Plaintiff filed only a motion for discovery sanctions under Rule 37(b). (Dkt. 42.) He alleged that Defendants had provided him falsified and incomplete documentation in violation of the December 5, 2014 order. (*Id.* at 3.) Defendants responded, explaining that they had provided Plaintiff with printed transfer orders downloaded from a server, rather than retrieving the original copies, which were stored in various prison facilities across the state of Michigan. (Dkt. 44 at 2.) They further stated that, as to some of Plaintiff's requests, no responsive documents existed. (*Id.* at 4.)

On January 21, 2015, the magistrate judge granted in part and denied in part Plaintiff's motion for discovery sanctions. (Dkt. 46.) The magistrate judge found that Defendants had produced documents relating to an incorrect time period and therefore ordered them to correct their response by February 4, 2015. (*Id.* at 6.) But he found that the downloaded copies of the transfer orders gave Plaintiff adequate information and credited Defendants' argument that it would be unduly burdensome to produce the original transfer orders. (*Id.*) He set Plaintiff's new

3

summary-judgment response deadline for February 18, 2015. He warned : "This is a final deadline and no further extensions will be granted." (*Id.* at 6.) Defendants filed a statement of compliance with the Order on January 30, 2015. (Dkt. 47.) Plaintiff has filed objections (Dkt. 48), which will be addressed below.

On February 10, 2015, Plaintiff filed a "Motion for Ruling on Bradley Haynie's Affidavit Submitted in Bad Faith" as to the affidavit Defendants submitted in response to Plaintiff's motion for discovery sanctions. (Dkt. 49.)

On February 18, 2015, rather than file responses to the two summary judgment motions filed back in May and June 2014, and despite the magistrate judge's admonition that no further extensions would be granted, Plaintiff filed another motion for more time to respond. (Dkt. 50.)

On February 26, 2015, the magistrate judge entered a report and recommendation to dismiss the Complaint (Dkt. 51) and an order denying Plaintiff's motion regarding the Haynie affidavit and for more time. (Dkt. 52.) The magistrate judge also denied Plaintiff's Motion regarding the Haynie affidavit in this Report. (Dkt. 51 at 4.) Plaintiff requested an extension of time to file objections to the Report and the Order, which was granted in part. (Dkt. 55.) Plaintiff filed his objections on April 3, 2015 (Dkt. 56), and the matter is now ready for disposition. The Court will consider Plaintiff's objections to both the Order and the Report.

## II. STANDARD OF REVIEW

The Federal Magistrates Act, 28 U.S.C. § 636

> creates two different standards of review for district courts when a magistrate court's finding is challenged in district court. A district court shall apply a 'clearly erroneous or contrary to law' standard of review for the 'nondispositive' preliminary measures of § 636(b)(1)(A). Conversely, 'dispositive motions' excepted from § 636(b)(1)(A), such as motions for summary judgment or for the suppression of evidence, are governed by the *de novo* standard.

*United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980)).

The magistrate judge's order on Plaintiff's motion for discovery sanctions resolved a nondispositive pretrial issue. *See Baker v. Peterson*, 67 F. App'x 308, 311 (6th Cir. 2003). Therefore, pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), the Court will uphold the order unless it is "clearly erroneous or contrary to law." A factual finding is "'clearly erroneous' when, although there is evidence to support it, the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (citation omitted). A legal conclusion is "contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Ford Motor Co. v. United States*, No. 08–12960, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009) (citation omitted).

As to the Report and Recommendation, this Court conducts a *de novo* review of those portions to which Fields has objected. 28 U.S.C. § 636(b). The Court need not perform a *de novo* review of the Report's unobjected-to findings. *See Schaefer v. Modelski*, No. 13-CV-13669, 2014 WL 3573270, at *1 (E.D. Mich. July 21, 2014) ("Although a court must review timely objections to a magistrate judge's report and recommendation, a court may adopt, reject, or amend the portions of a report and recommendation to which no party properly objects." (citing Fed. R. Civ. P. 72(b)(3); *Thomas v. Arn*, 474 U.S. 140, 150 (1985))); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Arn*, 474 U.S. at 149–52)).

In addition, the Sixth Circuit has noted that "while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). That is to say, "issues raised for the first time in objections to [a] magistrate judge's report and recommendation are deemed waived." *Id.* (citing *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996)); *see also Mitchell v. Cnty. of Washtenaw*, No. 06-13160, 2009 WL 909581, at *4 (E.D. Mich. Mar. 31, 2009) (citing cases to demonstrate that "Courts generally will not consider arguments on review that were not raised before the magistrate judge.").

## III. ANALYSIS

### A. Order on Motion for Discovery Sanctions

Plaintiff filed one objection to the order on his motion for sanctions. (Dkt. 48, Obj. to Order.) He says that he needs the original transfer orders because he wants to see "who completed the transfer orders and who signed them." (*Id.* at 1.) He also says that he believes that Defendants may have falsified documents in the past and so they should be ordered to produce the original documents here. (*Id.* at 3.) Thus, it appears that Plaintiff is objecting to the magistrate judge's conclusion that "[t]he transfer orders produced . . . contain the information [P]laintiff seeks – namely, the name of the prisoner, the date of transfer, and the reason for transfer." (Order at 6.)

The magistrate judge ordered that "plaintiff is allowed discovery regarding transfers to and from RRF between 7/23/11 and 9/23/11 to discover whether transfers were made for the purpose of making room for prisoners who will discharge to the Wayne County area, as stated on

plaintiff's Transfer Order." (Dkt. 39 at 5.) Defendants provided the transfer orders produced to the date of their response. (Dkt. 44 at Exs. 2–7.) It appears that, in comparison to Plaintiff's original transfer order (Dkt. 44-3), the downloaded copies do not include the preparer's signature or the signature ordering the transfer (*see, e.g.*, Dkt. 44-5 at PageID 292.) Nonetheless, the Court is not persuaded by the objection.

First, "[a] magistrate's decision should not be disturbed on the basis of arguments not presented to him." *Mitchell v. Cnty. of Washtenaw*, No. 06-13160, 2009 WL 909581, at *4 (E.D. Mich. Mar. 31, 2009) (quoting *Jesselson v. Outlet Assocs. of Williamsburg*, 784 F.Supp. 1223, 1228 (E.D. Va. 1991)). Plaintiff argues for the first time in his objections that he needs the signatures in order to address causation. (Dkt. 48 at 3.) In his Rule 56(d) motion, however, he merely requested "clear cop[ies]" of various transfer orders and screens. (*See* Dkt. 33.) Only in Plaintiff's reply brief in support of his sanctions motion did he mention the need for original signatures, but he merely stated that because the transfer orders produced were "unsigned and undated, they are not cop[ies] of the original transfer orders." (Dkt. 45 at 2.) Plaintiff did not argue as he does now that the signatures are relevant to causation. The Court will not overturn that conclusion on the basis of an argument that was not presented to the magistrate judge. *See Murr*, 200 F.3d at 902 n.1; *Jones-Bey v. Caruso*, No. 1:07-CV-3921:07-CV-3, 2009 WL 3644801, at *1 (W.D. Mich. Oct. 30, 2009).

Second, given the history of the case and the scope of the magistrate judge's order granting the discovery motion, the Court is not "left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). Haynie has averred that the information provided in the transfer orders included: (1) Name; (2) Reason for Transfer; (3) Date Transferred; (4) Comments; and (5) Approver Notes.

(Dkt. 44-2, Haynie Aff., at 2.) This information is reflected in the orders themselves, and it is the very information that the magistrate judge deemed relevant to Plaintiff's legal theory regarding adverse action. (*See* Dkt. 39 at 4–5.) And Defendants have argued that it would be unduly burdensome to produce the original transfer orders. Based on these requests and representations, the magistrate judge reasonably concluded that the transfer orders provided were sufficient to comply with his order on Plaintiff's Rule 56(d) motion. The Court does not see any reason to overrule this finding.

### B. Report and Recommendation

The Report and Recommendation recommends that this Court *sua sponte* dismiss Plaintiff's complaint for failure to comply with an order pursuant to Federal Rule of Civil Procedure 41(b). The rule provides, in relevant part, that "If the plaintiff fails . . . to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). Still, dismissal "is a harsh sanction which the court should order only in extreme situations showing 'a clear record of delay or contumacious conduct by the plaintiff.'" *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991) (citation omitted).

> Courts consider the following factors under Rule 41(b):
>
> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002). While "no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct," and the party seeking to avoid dismissal "has the burden of showing that his failure to comply was due to inability, not willfulness or bad faith." *Id.* (citing *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988).

In addition, federal courts possess the inherent power to sanction bad-faith conduct. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47–50 (1991). And "[a]lthough a court ordinarily should rely on the Rules rather than the inherent power," the Sixth Circuit has noted that "the inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct." *Metz v. Unizan Bank*, 655 F.3d 485, 491 (6th Cir. 2011).

The magistrate judge concluded that the *Reyes* factors weighed in favor of dismissal under Rule 41(b). Specifically, he held that Plaintiff's failure to comply with the deadlines imposed in the January 21 Order was willful, that Defendants had been prejudiced by Plaintiff's delayed response, and that Plaintiff was warned at least three times regarding the potential consequences of noncompliance. (Report at 7–8.) As to the last factor, the magistrate judge concluded that although there had not been previous sanctions imposed, the motions for summary judgment had been pending since May and June 2014 and Plaintiff had been granted numerous extensions of time to respond to them. (Report at 8.) Plaintiff raised several objections to the Report.

Plaintiff first argues that he was "not warned in the 4/21/15 Order that failure to comply would result in dismissal." (Report Obj. at 1.) It is unclear which order Plaintiff refers to in this objection. There is no docket entry for April 21, 2015—or April 21, 2014. And it is clear that Plaintiff was warned—multiple times—that failure to comply with the Court's stated deadlines could result in the dismissal of the case. In fact, Plaintiff acknowledges two such warnings. (Obj. to Report at 2.) The Court is not persuaded by this objection.

Plaintiff next argues that his failure to comply was not willful because Defendants did not provide him with the discovery he needed in order to compose his response briefs. But Plaintiff concedes that "Defendants produced the . . . transfer order[s] as ordered by the Court" in the Order on Plaintiff's Motion for Discovery Sanctions. (Obj. to Report at 2.) And the orders, as produced, included the information that the magistrate judge deemed relevant and useful to Plaintiff's response. Plaintiff does not offer any further clarification as to why original signatures are so crucial to his response that he cannot compose one without the original transfer orders. The Court is not persuaded by this objection.

Plaintiff also argues that there is no prejudice to Defendants where Defendants themselves were the cause of Plaintiff's delay. (Obj. to Report at 7.) But the Court has already found that Defendants complied with the magistrate judge's directives regarding discovery and that Plaintiff's arguments to the contrary are without merit. To allow the case to continue under these circumstances would create prejudice to Defendants, who have awaited a ruling on their outstanding dispositive motions for nearly a year. Plaintiff clearly has the ability to submit filings in this case, yet chose to never file anything in response to the summary judgment motions. The Court is not persuaded by this objection.

Plaintiff next says that the Court has not yet imposed lesser sanctions on him and therefore dismissal is inappropriate. (Obj. to Report at 7.) However, the Sixth Circuit "has 'never held that a district court is without power to dismiss a complaint, as the first and only sanction . . . and is 'loathe to require the district court to incant a litany of the available lesser sanctions'" before dismissal. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 738 (6th Cir. 2008). In this case, Plaintiff has had the benefit of numerous extensions to craft his response to the pending dispositive motions, including the many weeks which have passed since the Defendants corrected their document productions in accordance with the magistrate judge's discovery order. The Court is not persuaded by this objection.

Finally, Plaintiff argues that the magistrate judge "created an unfair trap" for him by ordering production of the transfer orders but allowing the downloaded copies to be produced instead of the originals. (Obj. to Report at 8–9.) The Court does not take kindly to this assertion. The magistrate judge carefully considered Plaintiff's many motions, granted him numerous extensions of time, and ordered production of information that would be relevant to his claims. This case is not analogous to *Holt v. Pitts*, 619 F.2d 558, 563 (6th Cir. 1980). In that case, the district court dismissed the complaint for failure to prosecute after plaintiff failed to appear at a hearing—due to his incarceration. *Id.* The Sixth Circuit commented that the district court "[i]n one breath . . . acknowledged the right of plaintiff, an inmate, to bring a *pro se* civil rights action [and] in a second breath, the court dismissed plaintiff's action when his incarceration prevented his appearance at the August 16 hearing." *Id.* Here, Plaintiff has had the benefit of time and numerous favorable discovery rulings. There was no "unfair trap."

## IV. CONCLUSION

For the reasons set forth above, the Court OVERRULES Plaintiff's Objections (Dkts. 48, 56), AFFIRMS the Order on Plaintiff's Rule 37(d) Motion for Discovery Sanctions (Dkt. 46), ADOPTS the Report and Recommendation for *Sua Sponte* Dismissal (Dkt. 51), and DISMISSES the Complaint pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

                                            s/Laurie J. Michelson
                                            LAURIE J. MICHELSON
                                            UNITED STATES DISTRICT JUDGE

Dated:  May 12, 2015

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 12, 2015.

                                            s/Jane Johnson
                                            Case Manager to
                                            Honorable Laurie J. Michelson